STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-99-10
DHM -KEN - 1/12/2000

DWAYNE STEVENS,

     Petitioner

     v.

STATE OF MAINE,

     Respondent

DECISION AND ORDER

This matter is before the court on respondent's motion to dismiss petitioner's petition for post-conviction review. In January of 1999, the petitioner brought his petition for post-conviction review seeking acquittal or a new trial on the complaint in CR-97-118, charged with class D assault, and CR-97-119, also charged with a class D assault. The matter was transferred to Superior Court for trial but in a single Rule 11 proceeding, the petitioner pled guilty to both complaints without counsel.

In his petition, the petitioner complains in ground A that he received consecutive sentences for crimes of the same criminal episodes. In ground B he complains that he pled guilty without being aware that he had a right to a theory of defense of discipline of his stepsons under the provisions of 17-A M.R.S.A. § 106. In ground C petitioner complains that he received a maximum sentence for the first offense of assaults, and in ground D he complains that he had ineffective counsel. In fact, he did not have counsel but represented himself.

A review of the transcript of proceedings taking place on June 2, 1997, indicates that on page 2 starting at line 12 the court asked defendant whether he had

an attorney in the matter. The petitioner responded, "No, sir, but I would like to speak to the DA. I have been in for 10 days. I would like to see if I can clear it up, see if he -- see if I can get back to work." The court then took a break and subsequently came back to the matter at which time this exchange took place as indicated on page 4 of the transcript starting at line 4. The court asked the defendant, "Okay. Mr. Stevens, you have filed something indicating you wanted an attorney. Do you want an attorney in this matter?" The defendant's response, "They had me do it. Rather than argue with them, I just put it in. I already made the plea arrangement before I made it." The court then made further inquiry, "Okay. You understand you do have a right to an attorney if you want one?" To this defendant responded, "Yes, sir."

The petitioner received a sentence on his plea agreement of 364 days, all but 10 days suspended and a one year period of probation with special conditions on one assault charge and 364 days all suspended with one year probation on the other charge, the second sentence to run to consecutive to the first. While the court was explaining the special conditions of his probation, the petitioner advised the court that he understood the conditions except that had one question. He said, "It was my belief that if something happened in the same criminal episode, it had to be run concurrent. Those were supposedly the same criminal episode. They are trying to run a consecutive sentence." Transcript at page 5, starting at line 15. The court responded, "That's part of the agreement, basically to try to give you a longer period of probation. If you don't want to go along with the agreement, you don't have to.

You can withdraw the plea." The petitioner responded, "It was just a question." To this the court replied, "That's up to you. It is two separate assault events, so, it is not part of the same criminal episode. It is not like, for example, being a habitual offender at the same time as being under the influence, something like that." To this, the petitioner responded, "Okay. That makes it clear." Transcript at page 6.

The petition was filed with the court on January 8, 1999. The sentence was imposed on June 2, 1997. In its motion to dismiss, the State of Maine advises the court that on September 3, 1997, the petitioner received a partial revocation of 180 days. On February 4, 1999, the petitioner received a revocation of 174 days and the probation was terminated. The respondent asserts that the petitioner is no longer restrained or under any impediment as required in 15 M.R.S.A. § 2124 and M.R. Crim. P. 67(a). Therefore, the State asked the court to dismiss the petition as it relates to CR-97-118 as being moot.

Title 15 M.R.S.A. § 2124 provides that a post-conviction review may be brought if the person seeking relief demonstrates that the challenged criminal judgment is causing a present restraint or other specified impediment as described. This restraint or impediment may be incarceration, probation, commitment to the Department of Mental Health, Mental Retardation, and Substance Abuse Services or pending trial. Since the court is satisfied that the petitioner does not have any restraint or impediment as required by that statutory provision with respect to CR-97-118, the respondent's motion to dismiss shall be granted.

3

Respondent asserts that the underlying conduct based upon the police report reveals that the petitioner assaulted one child, left the scene and then returned where he assaulted a second child. The petitioner has provided no affidavit indicating that the assaults occurred simultaneously. In addition, it is clear that the petitioner was fully satisfied at the time of sentencing that the court made a finding of fact of two different episodes justifying the consecutive sentences. In addition, the petitioner appears to have knowingly agreed that it was part of the plea agreement and he was given an opportunity to withdraw his plea at that time.

The petitioner was specifically asked as to his intentions with respect to continuing with the assistance of an attorney and expressly indicated his desire to go it alone. This court is not aware of any legal requirement that a defendant in a Rule 11 proceeding is entitled to have explained to him all of the possible defenses to a criminal charge. There is therefore no reasonable basis upon which the petitioner has suggested that his plea in that regard was anything less than voluntary.

In respondent's motion to dismiss, it addresses the petitioner's complaint that he received the maximum underlying sentence for first offense assaults. The respondent states that at time of sentencing, petitioner had prior convictions for vehicular manslaughter, obstructing government administration, six prior thefts, forgery, hindering apprehension of prosecution, four prior assaults, two prior burglaries, criminal trespass, two prior disorderly conducts, two prior violations of bail, drinking in public, negotiating a worthless instrument, and a violation of a protection from abuse order. Petitioner does not deny these previous convictions at

4

this time. The sentence is clearly within the authority of the court and was the result of discretion of the trial justice.

Petitioner claims that he was affected by ineffective assistance of counsel. This is a curious allegation since he acted as his own counsel. The transcript of the proceedings makes it clear that he did so knowingly and intentionally. Indeed, while the petitioner may well have been influenced by the practical effect of the plea agreement as allowing his immediate release, there is no specific allegation as to his activities as a pro se defendant. Whether petitioner was denied a defense that was otherwise available to him is not properly in consideration since he acted as his own attorney.

The entry will be:

> For reasons stated herein, respondent's motion to dismiss is GRANTED; petitioner's petition for post-conviction review is DENIED.

Dated: January 12, 2000

Donald H. Marden
Justice, Superior Court

5

STATE OF MAINE
   vs
DWAYNE B STEVENS

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-1999-00010

## DOCKET RECORD

DOB:
Attorney: JEFFREY SILVERSTEIN
          APPOINTED 03/03/1999

State's Attorney: DAVID CROOK

Filing Document: PETITION
Filing Date: 01/08/1999

Major Case Type: POST CONVICTION REVIEW

Charge(s)

DONALD L. GAEBRECHT
LAW LIBR.

FEB 17 2000

Docket Events:

01/14/1999 FILING DOCUMENT - PETITION FILED ON 01/08/1999

01/14/1999 JUDICIAL - REVIEW SENT FOR REVIEW ON 01/14/1999
           S KIRK STUDSTRUP , JUSTICE
02/04/1999 JUDICIAL - ASSIGNMENT ASSIGNED TO DOCKET ON 01/19/1999
           S KIRK STUDSTRUP , JUSTICE

           DEFT SHALL FILE FOR COURT APPOINTED COUNSEL AND FILE A CERTIFICATE OF INSTITUTION. WITHIN
           45 DAYS AFTER COUNSEL IS APPOINTED, AN AMENDED PETITION SHALL BE FILED OR A NOTICE THAT NO
           AMENDED PETITION SHALL BE FILED. WITHIN 60 DAYS AFTER APPOINTMENT OF COUNSEL THE
           PETITIONER SHALL FILE A LIST OF POTENTIAL WITNESSES. COPY TO DA AND DEFENDANT.
03/03/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/16/1999

           WITH INDIGENCY AFFIDAVIT AND CERTIFICATE OF INSTITUTION.
03/03/1999 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/03/1999
           S KIRK STUDSTRUP , JUSTICE

           JEFFREY SILVERSTEIN, ESQ. COURT APPOINTED. DEFENDANT IS FOUND TO BE INDIGENT. COPY TO
           COUNSEL.
07/16/1999 NOTICE - NOT AMENDING PCR PETITION FILED ON 07/16/1999

08/09/1999 OTHER FILING - RESPONSE TO PETITION FILED ON 08/06/1999

           RESPONDENT'S ANSWER TO THE PETITION AND FOR POST-CONVICTION REVIEW DATED JANUARY 5, 1999.
08/09/1999 MOTION - MOTION TO DISMISS FILED BY STATE ON 08/06/1999

           RESPONDENT'S MOTION TO DISMISS GROUNDS A, B, C AND D OF THE PETITION FOR POST CONVICTION
           REVIEW.
08/20/1999 NOTICE - NOTICE TO REQ/DISPENSE CONF. SENT ON 08/20/1999

08/24/1999 REQUEST - PCR CONFERENCE FILED BY STATE ON 08/24/1999

08/26/1999 OTHER FILING - TRANSCRIPT FILED ON 08/25/1999

           BY TAMMY DROUIN, COURT REPORTER.

Printed on: 01/13/2000

9/01/1999 REQUEST - NO PCR CONFERENCE FILED BY PETITIONER ON 09/01/1999

1/04/2000 HEARING - PCR CONFERENCE SCHEDULED FOR 01/06/2000 @ 9:30


      NOTICE TO PARTIES/COUNSEL
1/13/2000 HEARING - PCR CONFERENCE HELD ON 01/06/2000

1/13/2000 MOTION - MOTION TO DISMISS GRANTED ON 01/12/2000
      DONALD H MARDEN , JUSTICE

      COPIES TO COUNSEL.
1/13/2000 OTHER FILING - ORDER RESULTING FROM PCR CONF FILED ON 01/06/2000


      COPIES TO PARTIES/COUNSEL
1/13/2000 FINDING - DENIED ENTERED BY COURT ON 01/12/2000


      POST CONVICTION REVIEW DENIED.
1/13/2000 OTHER FILING - ORDER FILED ON 01/12/2000


      DECISION AND ORDER ON POST CONVICTION REVIEW. COPY TO COUNSEL, DEBORAH FIRESTONE, DONALD
      GOSS, AND GARBETCH LAW LIBRARY.
TRUE COPY
TEST: _____
              Clerk